# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| vs. | ) | **Criminal Action No. 98-00099-KD** |
| | ) | **Criminal Action No. 98-00158-KD** |
| **CHARLES SPEARS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This action is before the Court on Charles Spears' "Motion for Relief from Judgment or Order pursuant to the Federal Rules of Civil Procedure Rule 60(b)(4) and (6)" (doc. 426, Criminal Action No. 98-00099-KD; doc. 241, Criminal Action No. 98-00158-KD); the United States' response in opposition (Id. at doc. 439; Id. at doc. 254), and Spears' reply (Id. at doc. 446; Id. at doc. 261). Upon consideration, and for the reasons set forth herein, the Rule 60(b) motion is DENIED and to the extent the motion could be characterized as a successive motion to vacate pursuant to 28 U.S.C. § 2255, it is DISMISSED for lack of jurisdiction.

Spears argues that his sentence, imposed February 11, 1999, "is unconstitutional or otherwise constitutes a miscarriage of justice if allowed to continue to be served" (Id. at doc. 426; Id. at doc. 241). He argues that after the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), "and it's progeny culminating" with *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019) and *Taylor v. United States*, ___ U.S. ___, 142 S. Ct. 2015 (2022), his sentences as to Counts Three and Six in Criminal Action No. 98-00099-KD and Count Three in Criminal Action No. 98-00158-KD, for use of a firearm during a crime of violence "are no longer constitutional" (Id., p. 5). Spears argues that the predicate crimes of violence for his 18 U.S.C. § 924(c) convictions – conspiracy to commit carjacking and aiding

and abetting carjacking – are no longer crimes of violence because the residual clause in § 924(c) is now void.  He also argues that the rule of lenity applies because the convictions and sentences are ambiguous.[1]

Spears moves pursuant to Rule 60(b)(4) and (6) for relief from his judgment of conviction entered in 1999.  But Rule 60 of the Federal Rules of Civil Procedure does not provide for relief from a judgment in a criminal action.  *United States v. Vital*, 706 Fed. Appx. 634, 635 (11th Cir. 2017) ("As we have previously stated, Rule 60(b) simply does not provide for relief from judgment in a criminal case."); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case."); *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (same).  Accordingly, the Rule 60(b) motion is DENIED.

Rule 60(b) may provide a limited basis for relief from final judgment on a motion to vacate pursuant to 28 U.S.C. § 2255 where the movant challenges the integrity of the proceedings.  *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); *Gilbert v. United States*, 640 F. 3d 1293, 1323 (11th Cir. 2011) (en banc) (extending *Gonzalez* to federal prisoners seeking relief under 28 U.S.C. § 2255).  Here, Spears does not argue that his prior § 2255 proceedings were defective.  Instead, he argues that his judgment of conviction entered in 1999 should be vacated.  Thus, to the extent Spears "seeks to add a new ground for relief" from his 1999 judgment or

---

[1] As part of the grounds for an alleged ambiguity requiring application of the rule of lenity, Spears argues that the Indictment was not clear as to whether conspiracy to commit carjacking or carjacking (robbery of an automobile) was the predicate offense for his § 924(c) convictions. Spears is not correct. The Indictments plainly state that Spears "knowingly used and carried a firearm" during and in relation to a crime of violence "robbery of an automobile" in violation of 18 U.S.C. § 2119 (Criminal Action No. 98-00099-KD (doc. 1, Counts Three and Six); Criminal Action 98-00158-KD, doc. 1, Count Three).  The Eleventh Circuit has held that "carjacking in violation of § 2119 satisfies § 924(c)'s force[/elements] clause." *In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016); *United States v. Moore*, 43 F. 3d 568, 572-573 (11th Cir. 1994).

"attacks the federal court's previous resolution of a claim on the merits," the motion must be treated as a successive petition pursuant to 28 U.S.C. § 2255. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). However, Spears did not obtain authorization from the Eleventh Circuit before filing the motion. Absent prior authorization from the Eleventh Circuit, this Court lacks jurisdiction to hear Spears' motion. 28 U.S.C. § 2255(h).

Accordingly, Spears' motion is DISMISSED for lack of jurisdiction.[2] No Certificate of Appealability shall be issued. *Williams v. Chatman*, 510 F.3d 1290, 1294 (11th Cir. 2007) ("Where a district court lacks subject matter jurisdiction over a Rule 60(b) motion, ..., it also lacks jurisdiction to grant a COA.") (citing *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1317 (11th Cir. 2004) (vacating a COA granted by the district court, which lacked subject matter jurisdiction over the prisoner's Rule 60(b) motion)).

DONE and ORDERED this 28th day of March 2024.

> s / Kristi K. DuBose
> KRISTI K. DuBOSE
> UNITED STATES DISTRICT JUDGE

---

[2] The Court need not address the United States' other arguments. Specifically, that Spears' Rule 60(b) motion is untimely and without merit, and that the doctrine of collateral estoppel bars Spears' motion because the Eleventh Circuit has already held that even if *Johnson* rendered the residual clause in 18 U.S.C. § 924(c) unconstitutionally vague, carjacking or robbery of an automobile was a crime of violence under § 924(c)'s elements clause.